Pedro A. de Castro, Petitioner, *v.* District Court of Ponce and Industrial Commission, Respondents.

No. 674. Argued January 13, 1930.—Decided March 31, 1930.

*Besosa & Besosa,* for petitioner. *James R. Beverley, Attorney General,* and *Tomás Torrés Pérez, Assistant Attorney General,* for respondent commission.

Mr. Justice Wolf delivered the opinion of the court.

Having a doubt whether the petitioner, an uninsured employer of labor, had his due day in court when the Industrial Commission awarded damages against him at the instance of an injured workman, we issued a writ of certiorari.

On a full hearing the government argues very earnestly that the said petitioner did in fact have his day in court. Also the government maintains that the petitioner had no right of review before the District Court of Ponce whither the petitioner appealed and against whose decision this certiorari was presented. We find it inadvisable to pass upon these questions as there is a more fundamental one that militates against the petitioner.

The question of a due day in court was presented to the District Court of Ponce, which tribunal decided adversely to the petitioner. There is not the slightest suggestion in the

record before us that the district court in considering the matter before it violated any rule of proceeding, or that the petitioner was not fully heard in the said court. We are simply asked to review what has already been reviewed by the District Court of Ponce. Whether the petitioner was right or not, the matter decided was a pure question of law. When a lower court decides that a petitioner or an appellant has no redress, it is commiting no infraction of procedure. Hence certiorari does not lie. *Díaz* v. *District Court,* 9 P. R.R. 526; *Morales* v. *District Court,* 30 P.R.R. 192; *Arroyo* v. *District Court, per curiam* decision of July 23, 1928.

The government also points out that similar reasoning would apply to the review of the amount of damages awarded by the commission.

The writt should be annulled.